FRANK P. DOW CO., INC. *v.* UNITED STATES

**No. 5012.**—Invoice dated Courtrai, Belgium, August 27, 1938.
Certified September 1, 1938.
Entered at Seattle, Wash., October 7, 1938.
Entry No. 1506.

(Decided October 2, 1940)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

DALLINGER, Judge: This appeal to reappraisement involves the question of the dutiable value of certain cotton rugs exported from Belgium on or about September 1, 1938, and entered at the port of Seattle, Wash.

Each of the various sized rugs was invoiced at a price in Belgian francs which was equivalent to 25 Belgian francs per square meter. Appraisement was made on the basis of foreign value at 26 Belgian francs per square meter, plus 2½ per centum tax.

At the trial the plaintiff conceded that said tax was erroneously omitted upon entry. The plaintiff's Collective Exhibit 1—an affidavit of the manufacturer with an invoice attached—shows that the invoiced prices were accepted by him on May 3, 1938, and were "at that time the market price of this quality of rug"; and that while the rugs are salable in Belgium there is practically no demand for them.

The fact that said manufacturer states that the invoice prices were the values on the date he accepted the order, does not necessarily

prove that said prices were also the values of the rugs on the date of shipment, approximately 4 months later.

The defendant introduced, as Exhibits 2 and 3, reports of a Treasury representative, neither of which, however, contains any evidence concerning the imported rugs. Exhibit 2 concerns merchandise made by another manufacturer, while Exhibit 3 is a general report on a group of manufacturers, which does not include the manufacturer of the instant rugs.

Section 501 of the Tariff Act of 1930 provides that—

The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

Presumptively, then, the value found by the appraiser was the value of the merchandise at the time of exportation.

Therefore, I find that this record contains no evidence which overcomes the presumptively correct appraisement, and that the foreign value as returned by the appraiser represents the proper value of the merchandise.

Judgment will be rendered accordingly.